RECEIVED
IN ALEXANDRIA, LA

APR 2 8 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK JEROME ALLEN<br>D.O.C.#295151 | DOCKET NO. 08-CV-1731 |
| VERSUS | JUDGE DEE D. DRELL |
| KENNETRIA JONES, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## MEMORANDUM ORDER

Before the court is a *pro se* civil rights complaint filed by Plaintiff Derrick Jerome Allen (D.O.C. #295151). Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (DOC); he is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. However, the incidents complained of occurred while he was incarcerated at Winn Correctional Center in Winnfield, Louisiana.

Plaintiff has asked to proceed *in forma pauperis* ["IFP"] pursuant to the provisions of 28 U.S.C. §1915. [Doc. #3] On December 18, 2008, his motion to proceed IFP was granted. [Doc. #4] Further review of the court records reveals that Plaintiff has filed numerous civil rights lawsuits, and more than three of those cases were dismissed as frivolous, malicious, or for failing to state a claim for which relief can be granted[1] under 28 U.S.C.

---

[1] *Allen v. Johnson, et al.*, 1:02-CV-884 [Doc. #15]; *Allen v. La. Dept. of Corrections, et al.*, 2:01-cv-409 [Doc. #7]; *Allen v. Morgan, et al.*, 3:00-cv-0091 [Doc. #43]; *Allen v. Lott, et al.*, 3:06-cv-0384 [Doc. #23]; *Allen v. Erwin, et al.*, 3:99-cv-0984 [Doc. #7]; *Allen v. Shipp, et al.*, 3:00-cv-1269 [Doc. #8]; *Allen*

§1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

**Plaintiff is very familiar with this provision, as it has been pointed out to him more than once.** It has been cited by the Fifth Circuit in at least one of Allen's lawsuits, see Allen v. Morgan, 66 Fed. Appx. 526 (5th Cir. 2003)[2], and more recently by this court in Allen v. Hardwell, et al., 1:07-cv-1672, Doc. #5.

Because Plaintiff has accumulated three or more "strikes" and his current complaint lack allegations or evidence of imminent danger of serious physical injury, Plaintiff is not eligible to proceed *in forma pauperis* in this matter. Therefore,

---

v. Morgan, 02-ca-30864, 66 Fed.Appx. 526 (5th Cir. 2003); *Allen v. Johnson, et al.*, 02-ca-31019 66 Fed. Appx. 525 (5th Cir. 2003).

[2]"The district court's dismissal of this action as frivolous and this court's dismissal of this appeal as frivolous both count as 'strikes' under 28 U.S.C. § 1915(g). Allen is cautioned that, if he accumulates three strikes under 28 U.S.C. § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g)." Allen v. Morgan, 2003 WL 21018093, 1 (5th Cir. 2003).

**IT IS ORDERED** that the Order granting Plaintiff's application to proceed *in forma pauperis* [Doc. #4] is hereby **REVOKED** and **RESCINDED**;

**IT IS FURTHER ORDERED** that, in order for this complaint to remain viable, Plaintiff must pay the full filing fee of $350.00 within twenty (20) days from the date of this order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 28th day of April, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE