RECEIVED
IN ALEXANDRIA, LA

JUL 31 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DERRICK JEROME ALLEN        DOCKET NO. 08-CV-1731
D.O.C.#295151

VERSUS                          JUDGE DEE D. DRELL

KENNETRIA JONES, ET AL.      MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND DEFENDANTS

Before the court is a *pro se* civil rights complaint filed by Plaintiff Derrick Jerome Allen (D.O.C. #295151). Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (DOC); he is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. However, the incidents complained of occurred while he was incarcerated at Winn Correctional Center in Winnfield, Louisiana.

Plaintiff asked to proceed *in forma pauperis* ["IFP"] pursuant to the provisions of 28 U.S.C. §1915. [Doc. #3] On December 18, 2008, his motion to proceed IFP was granted. [Doc. #4] Further review of the court records revealed that Plaintiff had filed numerous civil rights lawsuits, and more than three of those cases were dismissed as frivolous, malicious, or for failing to state a claim for which relief can be granted[1] under 28 U.S.C. §1915(g).

---

[1] *Allen v. Johnson, et al.*, 1:02-CV-884 [Doc. #15]; *Allen v. La. Dept. of Corrections, et al.*, 2:01-cv-409 [Doc. #7]; *Allen v. Morgan, et al.*, 3:00-cv-0091 [Doc. #43]; *Allen v. Lott, et al.*, 3:06-cv-0384 [Doc. #23]; *Allen v. Erwin, et al.*, 3:99-cv-0984

Therefore, Plaintiff's IFP status was rescinded and he was ordered to pay the full filing fee. The clerk of court received Plaintiff's filing fee on May 19, 2009.

## FACTUAL BACKGROUND

Plaintiff alleges that the Court granted him permission on March 7, 2008, to represent Inmate Peter Roy Alfred. Plaintiff alleges that on March 10, 2008, he had a pass allowing him to use the law library; and, while walking to the library, he was stopped by Officer Kennetria Jones. Officer Jones ordered Plaintiff to turn around and go sit in the Freedom Chapel. [Doc. #1, p.4] Plaintiff informed Officer Jones that he had a pass giving him permission to use the library, and that he wanted to go back to his dorm if he could not use the library. Plaintiff told Jones that "he didn't play with God only while in prison" and that the services being held that day were against his family's faith and religious beliefs. [Doc. #1, p.5] Officer Jones told Plaintiff to go inside the chapel or he would be locked up in the special housing unit. Plaintiff was handcuffed and placed in "lockdown" by Officer Jones and Shift Supervisor Captain Chatman.

Plaintiff remained in "lockdown" until March 13, 2008, when he appeared before the disciplinary board on the charge of aggravated

[Doc. #7]; *Allen v. Shipp, et al.*, 3:00-cv-1269 [Doc. #8]; *Allen v. Morgan*, 02-ca-30864, 66 Fed.Appx. 526 (5th Cir. 2003); *Allen v. Johnson, et al.*, 02-ca-31019 66 Fed. Appx. 525 (5th Cir. 2003).

disobedience.  The charge was dismissed.  [Doc. #1, p.5]  Plaintiff
alleges that, while in "lockdown," he missed important court filing
deadlines including the deadline for filing a motion for new trial,
which was March 12, 2008, and the deadline for filing a civil suit,
which was also March 12, 2008.

Plaintiff alleges that on march 17, 2008, he was transferred
from WCC to Louisiana State Penitentiary (LSP) in retaliation for
refusing to go to church, for exercising his right to access the
courts, and for having been allowed to proceed as counsel for
Inmate Peter Roy Alfred.  Plaintiff complains that, had the WCC
warden not transferred him to LSP out of retaliation, Plaintiff
would still be in computer school at WCC.

## LAW AND ANALYSIS

A.   Due Process

Plaintiff implies that his confinement in "lockdown" for
disobeying an order deprived him of liberty without due process.
By virtue of a valid criminal conviction and subsequent legal
confinement, a prisoner loses his expectation of liberty.  <u>See</u>
<u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976).  "The Due Process
Clause does not protect every change in the conditions of
confinement having a substantial adverse impact on the prisoner."
<u>Sandin v. Conner</u>, 515 U.S. 472, 478 (1995).  The federal
jurisprudence holds that a prisoner's due process rights are
limited to freedom from restraints that impose an "atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Thus, relying on Sandin, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996) (quoting Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a state prisoner's claim that the additional restrictions imposed on those in administrative segregation violated his due process rights. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curium) (absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.). Plaintiff does not allege anything to suggest that his temporary confinement in "lockdown" could amount to an "atypical" hardship. Therefore, insofar as he complains that he was denied due process, he fails to state a claim for which relief could be granted.

B. Chaplain Randy Olliff

Plaintiff alleges that Chaplain Randy Olliff has a history of "forcing religion and church on inmates" and "will lock them up if

they refuse to go to church." While this may have happened to other inmates, Plaintiff does not allege that Randy Olliff forced him to go to church on this or any other occasion. Plaintiff cannot litigate claims on behalf of other inmates. See Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (Plaintiff must assert his own legal rights and interests and cannot rest his claim on the rights and interests of others). Plaintiff alleges that he was ordered into the chapel by Officer Jones and "locked up" by Officers Jones and Chatman. Because Plaintiff has presented no allegations that Chaplain Olliff deprived Plaintiff of any constitutional right, this defendant should be dismissed.

C.   Mona Heyse

Plaintiff complains that Mona Heyse wrongfully denied his administrative remedy requests. However, there is no constitutional right to have grievances addressed, investigated, or favorably resolved. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Furthermore, there is no procedural due process right inherent in such a claim. Id. Therefore, Plaintiff's claim against this defendant should be dismissed.

D.   Corrections Corporation of America (CCA)

Plaintiff attempts to hold CCA liable under §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation

5

not vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." The compliant is devoid of any allegations that an official policy or custom of CCA was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against CCA should be dismissed as frivolous.

E.    Access to Court & Retaliation

Plaintiff alleges that he was denied access to the courts by Defendants Jones and Chatman because they refused him admittance to the law library on March 10, 2008, despite having a pass granting him special access to the library. He also alleges that his right of access was denied while he was confined in "lockdown." Plaintiff alleges that, while in "lockdown," he missed important court filing deadlines including the deadline for filing a motion for new trial, which was March 12, 2008, and the deadline for filing a civil suit, which was also March 12, 2008. Service of process will be ordered on this claim.

Next, Plaintiff alleges that he was denied use of the library by Jones and Chatman in retaliation for his refusal to go to the chapel. He also claims that he was transferred to Louisiana State

Penitentiary by Warden Wilkinson in retaliation for exercising his right to access the court and because he was allowed to assist Inmate Alfred in his suit. Service of process will be ordered on these claims.

### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Plaintiff's claims against <u>CCA</u>, <u>Mona Heyse</u>, and <u>Chaplain Randy Olliff</u> be **dismissed** as frivolous. **Further, IT IS RECOMMENDED** that Plaintiff's <u>due process claim</u>, which was based on his confinement in "lockdown," be **dismissed** for failing to state a claim for which relief can be granted.

However, the Court will order service of process on **<u>Warden Wilkinson</u>, <u>Officer Kennetria Jones</u>, and <u>Captain Chatman</u>** of the following claims: (1) that Plaintiff was placed in "lockdown" in **retaliation** for refusing to go to the chapel, (2) that Plaintiff was transferred to Angola in **retaliation** for exercising his right to access the court, and (3) that Plaintiff was denied **<u>access to the courts</u>**.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within**

ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE